## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

OCTAVIA CLARK                                                    PLAINTIFF

v.                              No. 4:25-cv-609-DPM

DOUBLEBEE'S EXXON;  DOUBLEBEE'S;
BHT INVETSMENT COMPANY, INC.,
d/b/a Doublebee's;  ED LIGHT;  and
ELANA DAVIS                                                     DEFENDANTS

### ORDER

1.      Clark's application to proceed *in forma pauperis*, *Doc. 3*, is granted.  She reports living on social security income.

2.      The Court must screen Clark's complaint and amended complaint. 28 U.S.C. § 1915(e)(2); *Doc. 2 & 8*.  Clark, a former employee of Doublebee's Exxon, sues it and two of its supervisors under state and federal law. She says that she and her coworkers were subjected to discrimination, harassment, retaliation, unsafe working conditions, plus wage and hour violations. *Doc. 2.*  She says her harassment began in June 2024 when she was promoted to district manager.

Clark alleges her supervisor, Elana Davis, created a hostile work environment by using threats, name calling, false or pretextual write ups, and public reprimands, all to humiliate her.  She remembers Davis warning her that if she "couldn't handle the nitpicking th[en] she

should quit." *Doc. 8 at 4.* Clark complained to Davis's supervisor, Ed Light. He was unmoved by her complaints, explaining that Davis was just "rough around the edges." *Doc. 2 at 4 & Doc 8 at 6.* After Light "screamed" at her, Clark was unwilling to seek any further assistance from him. *Doc. 8 at 8.*

Clark also alleges that Doublebee's pressured its employees to work excessively long shifts, had lax safety protocols, and offered insufficient training on its equipment. Clark says she also witnessed supervisors alter the details of employees' already-signed counseling statements to protect Doublebee's from suit. She believes Doublebee's actions violated OSHA regulations. Clark sent a whistleblowing email to management alerting it of her concerns about possible "legal violations and unsafe practices" including labor law violations such as pay discrepancies, retaliatory practices, unsafe working conditions, and violations of the Family Medical Leave Act. *Doc. 2 at 8–10.*

Doublebee's fired her. Clark claims that she was fired in retaliation for sending the whistleblowing email. *Doc. 2 at 12 & Doc. 8 at 26.* Next, she also says she was fired after choosing to commute from Danville rather than move to Conway for her job. *Doc. 8 at 9–10.* In support of this theory, she points to another employee, Van Heath, who was allowed to live farther from work than she did but who wasn't fired. *Doc. 8 at 11.* Finally, Clark also says she was fired for seeking an accommodation under the Americans with Disabilities Act. *Doc. 8 at 3.*

–2–

Although she explains that Light wouldn't accommodate "pre-arranged" doctors' appointments, she doesn't identify her disability or explain why she believes she was fired because she asked to go to a doctor's appointment.

Clark says that Doublebee's encourages its supervisors to create paper trails to show that employees quit to prevent those same employees from securing unemployment benefits. *Doc. 2 at 7.* As an example, she says that Light claimed that she voluntarily quit her job by moving back to Danville. *Doc. 8 at 9.*

Clark filed a complaint with the Equal Employment Opportunity Commission about Davis's conduct and Doublebee's retaliatory dismissal. She doesn't say whether she filed a formal charge of discrimination and received a right-to-sue letter. Instead, Clark says that the EEOC directed her to the National Labor Regulations Act board. *Doc. 2  at 8*; *Doc. 8 at 12.* She states that the National Labor Board was unable to assist her due to her "administrative position." *Doc. 8 at 12.*

The Court will take Clark's claims in turn.

- She hasn't stated a plausible ADA claim. While Clark says in passing that she was fired after asking for accommodations for her disability, she doesn't identify her disability or what accommodation she needed to do her job. *Doc. 8 at 3*; 42 U.S.C. § 12112(b)(5)(A).

- Her discrimination and hostile work environment claims under Title VII and Arkansas Civil Rights Act fail, too. Nowhere in her papers does Clark allege that she is a member of a protected class or that others outside of that class were treated more favorably, a pre-requisite for either claim. 42 U.S.C. § 2000e-2(a); Ark. Code Ann. 16-123-101 *et seq.* Clark might have a gender discrimination claim if Heath was treated more favorably than she was. But she hasn't alleged that she and Heath were similarly situated—*e.g.,* had the same position and supervisor. In any event, Clark hasn't shown that she exhausted her administrative remedies at the EEOC before filing suit. *Tyler v. University of Arkansas Board of Trustees*, 628 F.3d 980, 989 (8th Cir. 2011).

- Neither the NLRA nor OSHA creates a private right of action. *Chew v. American Greetings Corp.*, 754 F.3d 632, 637 (2014) (OSHA); *Gazaway v. Nelson*, 2024 W.L. 3381036, at *4 (N.D. Cal. 10 July 2024) (NLRA).

- While Clark asserts pay issues that might trigger the Fair Labor Standards Act, she does not say that there were any problems with her pay. 29 U.S.C. § 201 *et seq.*; *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 717 (8th Cir. 2011).

3.      Even reading the complaint and amended complaint in the light most favorable to Clark, she hasn't stated any plausible claims. *Compare McPherson v. Brennan*, 888 F.3d 1002, 1003–1004 (8th Cir. 2018). Before entering Judgment, however, the Court will allow Clark to propose a second amended complaint to reassert her ADA, Title VII, ACRA, and FLSA claims. For those claims to go forward, Clark must allege specific facts, address the gaps identified in this Order, and state

in plain terms why she believes she was harassed, discriminated against, or treated unfairly.  Her OSHA and NLRA claims fails as a matter of law.  She may not re-assert them.

Defendants' motions to dismiss, *Doc. 10 & 12*, are denied without prejudice.  The second motion moots the first one.  And Clark is correct: her pleading cannot be served until after screening is completed.  The second motion is therefore premature, though the Court understands why defendants filed it based on Clark's mailing them the amended complaint.  Defendants need not respond to any second amended complaint until after the Court screens it and orders service by the U.S. Marshal.

If Clark wishes to pursue her case, she must file a second amended complaint, attaching the EEOC right to sue letter, with more details by 26 September 2025.  If she does not, the Court will dismiss her case without prejudice.  LOCAL RULE 5.5(c)(2).

So Ordered.

D.P. Marshall Jr.
United States District Judge

26 August 2025