IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**OCTAVIA CLARK**                                                                                                **PLAINTIFF**

v.                              No. 4:25-cv-609-DPM

**DOUBLEBEE'S EXXON;  DOUBLEBEE'S;
BHT INVETSMENT COMPANY, INC.,
d/b/a Doublebee's;  ED LIGHT;  and
ELANA DAVIS**                                                                                                **DEFENDANTS**

### ORDER

Clark has filed a timely second amended complaint with more details and attachments. *Doc. 18*. The Court must screen it. 28 U.S.C. § 1915(e)(2). Here is a list of her many claims and the Court's ruling on whether each goes forward. In summary: All her claims fall short, for on reason or another, except her two Fair Labor Standards Act claims.

**1.     Title VII and the Americans with Disabilities Act**. The EEOC did not investigate Clark's claims, dismissing them as untimely. *Doc. 18 at 35*. She says she is currently seeking reconsideration of that decision. But it's clear from the record that Clark hasn't exhausted the administrative remedies for her Title VII or ADA claims, a pre-requisite to filing a federal suit. *Tyler v. University of Arkansas Board of Trustees*, 628 F.3d 980, 989 (8th Cir. 2011).

**2. Arkansas Civil Rights Act.** Clark hasn't stated a plausible claim under the Act. Ark. Code Ann. § 16-123-101 *et seq*. Her general allegations that her male counterparts weren't required to be always available by phone, without more, don't show gender discrimination. *Doc. 18 at 8*. And while she points to Van Health as a similarly situated male, it appears Doublebee's expectations of him mirrored those for Clark: provide for all staffing and management needs of the stores each supervised, even if that required working overtime. Her claims that she was wrongly fired and subjected to a hostile working environment because of her gender fail as conclusory.

Clark's allegations that she was subjected to retaliation and a hostile work environment because of her disabilities fare no better. Although she says coworkers made fun of her limp, she doesn't identify these coworkers. Clark also doesn't say whether she ever brought the matter to upper management's attention but got no relief. She maintains that Davis was "well aware" of her mental health issues. She focuses on the long hours Davis expected, saying this was harassment. *Doc. 18 at 10*. Clark also mentions Davis following her from store to store. Davis, though, was her supervisor. A particularly demanding boss can be irritating; but close supervision and extraordinary expectations, without more, do not make out a plausible hostile environment claim. As Clark repeatedly says, Davis was

equally demanding of all Doublebee's employees. Clark's ACRA disability claims also fail to state a claim.

    **3.    Arkansas Whistle-Blower Act.** This claim fails because the statute only provides for citizen suits against a public employer. *Doc. 17 at 7* in *Sutton v. Arkansas State University*, No. 3:11-cv-123-KGB (E.D. Ark. 1 September 2011); Ark. Code Ann. § 21-1-603. Doublebee's isn't a public employer.

    **4.    Occupation Safety Health Administration Act and National Labor Relations Act.** The Court has already dismissed these claims. *Doc. 15 at 4*.

    **5.    Wiretap Act & Invasion of Privacy.** Clark alleges that Doublebee's tracking of its company cars could have resulted in her personal information being intercepted from her cell phone. This is possible but not plausible. These allegations are entirely hypothetical. They fail to state plausible claims. 18 U.S.C. § 2510 (Wiretap Act); *Thornton v. Thornton*, 492 F. Supp. 3d 810, 815 (W.D. Ark. 2020) (Wiretap Act); *Foster v. Simmons Bank*, 2023 Ark. App. 527, at 13, 680 S.W.3d 42, 51 (invasion of privacy).

    **6.    Negligent Retention and Civil Conspiracy.** Clark hasn't alleged facts showing that Doublebee's employment of Davis constituted negligent retention. *Saine v. Comcast Cablevision of Arkansas, Inc.*, 354 Ark. 492, 497, 126 S.W.3d 339, 342 (2003). Nor has she sufficiently pleaded facts showing a plausible civil conspiracy.

*Faulkner v. Arkansas Children's Hospital*, 347 Ark. 941, 962, 69 S.W.3d 393, 407 (2002).

    7.    **Fair Labor Standards Act.**  Clark has stated FLSA and accompanying retaliatory firing claims.  29 U.S.C. § 201 *et seq.*; *Montgomery v. Havner*, 700 F.3d 1146, 1148–1149 (8th Cir. 2012). She says that she was made to work after hours and be on call 24/7 but not paid for all that work.  *Doc. 18 at 7 & 16*.  When she complained to Doublebee's, she was fired.  *Doc. 18 at 15–16*.  Her FLSA claims will be served.

    All of Clark's claims, except her FLSA claims, are dismissed without prejudice.

    The Clerk must prepare summons for B-H-T Investment Company, Inc., d/b/a Doublebee's.  The Clerk must provide copies of the summons, the second amended complaint, the initial screening Order, and this Order to the Marshal.  The Court directs the Marshal to serve process (and the other listed papers), without prepayment of fees, by registered mail, restricted delivery, return receipt required, on B-H-T Investment Company Inc.'s registered agent, Steve Lightle, or any other officer, managing agent, or any other agent authorized to receive service at B-H-T Investment Company Inc., 3123 East Race Avenue, Searcy, Arkansas 72143.

–5–

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

12 January 2026